# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEN JONAS WALLS,**

    **Plaintiff,**

v.                                                       Case No. 19-CV-1577

**MILWAUKEE COUNTY JAIL,**

    **Defendant.**

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING THE COMPLAINT

On October 28, 2019, Danien Jonas Walls filed a complaint against Milwaukee County Jail under 42 U.S.C. § 1983. (ECF No. 1). He was not incarcerated at the time he filed his complaint. Walls also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (ECF No. 2). Because I find Walls is indigent and his complaint, once amended as described below, potentially has merit, I will grant his motion.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay

the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

According to Walls' motion, he is unemployed and has no income or assets. (ECF No. 2 at 1-4). As such, I conclude that he is unable to pay the filing fee and turn to the question of whether his complaint is frivolous, malicious, or fails to state a claim. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because Walls is representing

himself, I construe his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Walls alleges that he was attacked by an unnamed inmate in the Milwaukee County Jail while he was recovering from surgery. On August 22, 2019 at approximately 7:30 a.m., Walls states that the inmate grabbed him by his neck and attempted to strangle him. The inmate then pulled Walls into his cell and resumed his attempts to strangle him. At that time, Walls alleges that Correctional Officer Lee came in and deployed her taser.

Walls states he asked to press charges against the inmate but that his request was denied. He alleges he was told he could not press charges because the inmate who attacked him "has a sort of mental disorders [*sic*]," and he should not have been "let out". (ECF No. 1 at 3). He states that he was told if he pressed charges, Officer Lee would get in trouble. After he was unable to press charges, Walls asserts that he filed grievances, and as a result "was subjected to cruel and unusual treatment and Punishment by certain staff," specifically naming Correctional Officer Montoya. (*Id.*).

The only defendant Walls names is the Milwaukee County Jail. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because § 1983 makes public employees liable "for their own misdeeds but

3

not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights.

Section 1983 also allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County Jail is not a person. There are some circumstances where a municipality can be sued under § 1983. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). For the Milwaukee County Jail, Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the legal capacity to be sued. State law determines an entity's capacity to be sued. *Webb v. Franklin County Jail*, Case No. 160cv01284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, the Milwaukee County Jail "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under § 1983. *Whiting v. Marathon County Sherriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004). As such, the Milwaukee County Jail is not the appropriate party.

However, Walls' complaint suggests there may be some individuals who may be an appropriate party. Accordingly, if Walls wants to purse this case, he must file an amended complaint that specifies the individual defendants who he believes violated his constitutional rights and details how they allegedly violated them. When writing his amended complaint, Walls should provide me with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) How did each person violate his rights?; 3) Where did each person violate his rights?; and

4

4) When did each person violate his rights? Walls' complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide me and each defendant with notice of what each defendant allegedly did to violate Walls' rights. If Walls does not know the name of the defendant who alleged violated his rights, he may identify them as "John Doe" or "Jane Doe." If his amended complaint is allowed to proceed, Walls will have an opportunity to conduct limited discovery to determine the defendants' identity.

I am enclosing a copy of the complaint form and instructions. Walls should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—19-cv-1577—in the field for "Case Number." He must list all of the defendants in the caption of the complaint. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint and must be complete in itself. Walls cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If Walls files the amended complaint by the deadline specified below, I will evaluate it pursuant to 28 U.S.C. § 1915. If he does not want to proceed with the case, he does not have to take any further action. If he does not file an amended

complaint by the deadline (or explain to the court why he is unable to do so), I will conclude that he no longer wishes to proceed with this case, and I will dismiss the case without prejudice.

**THEREFORE, IT IS ORDERED** that Walls' motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, if Walls wants to proceed with this case, he must file an amended complaint consistent with this Order by **January 29, 2020**. If Walls does not file an amended complaint by the deadline (or explain why he is unable to do so), the court will conclude that he no longer wishes to purse this case and will dismiss it without prejudice based on his failure to prosecute.

Dated at Milwaukee, Wisconsin this 9th day of January, 2020.

BY THE COURT:

*s/Nancy Joseph*_____
NANCY JOSEPH
United States Magistrate Judge

6