UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEN JONAS WALLS,

    Plaintiff,

v.                                                        Case No. 19-cv-1577-pp

DEPUTY MONTOYA,
CO LEE, DEPUTY COLE,
and JOHN DOE,

    Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 7)**

---

      On October 28, 2019, Danien Jonas Walls, representing himself, filed a complaint against the Milwaukee County Jail under 42 U.S.C. §1983. Dkt. No. 1. He was not incarcerated at the time he filed his complaint. On January 9, 2020, Magistrate Judge Nancy Joseph, to whom this case is currently assigned, issued a screening order directing the plaintiff to amend the complaint. Dkt. No. 6. The plaintiff filed an amended complaint on February 6, 2020. Dkt. No. 7.

      A court may allow a non-prisoner indigent litigant to proceed *in forma pauperis* where (1) the court determines the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a); and (2) the court finds that the action is not frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from

1

such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Judge Joseph concluded that the plaintiff was unable to pay the filing fee. Dkt. No. 6 at 2. She did not address the second prong, however—the question of whether the complaint is frivolous, malicious or fails to state a claim. Instead, she ordered the plaintiff to file an amended complaint, instructing him to include more detailed allegations. Id. at 4-5. He has done so. Dkt. No. 7.

Although the plaintiff consented to Judge Joseph hearing and deciding the case, the defendants have not yet had the opportunity to decide whether to consent because, until now, the court has not screened the complaint and decided whether it should be served on the defendants. Because all parties have not yet consented to the magistrate judge hearing the case, the clerk's office has referred the case to this district judge to screen the amended complaint and decide whether it should be served on any of the defendants. The court will explain which claims the plaintiff has stated against which defendants, then will return the case to Judge Joseph for further proceedings.

I.     **Screening Standard**

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). See DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. Id. at 612. Although a complaint

2

need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that someone deprived him of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Because the plaintiff is representing himself, the court construes his complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

    A.    <u>Allegations in the Amended Complaint</u>

The amended complaint names Deputy Montoya, Corrections Officer Lee, Deputy Cole and Lt. John Doe as defendants. Dkt. No. 7 1.

The plaintiff alleges that Deputy Montoya violated his rights to subjecting him to cruel and unusual punishment because the plaintiff chose to exercise his rights through the grievance system "in regard to said situation." Id. at 2. The plaintiff asserts that Montoya undermined the grievance system by putting the plaintiff on lockdown and taking his food and drinks because he chose to use the grievance system. Id. He contends that Montoya went so far as to falsify documents to get the plaintiff removed from the infirmary and even tossed one of his grievances in the trash and threw another aside. Id. at 2-3.

3

As to C.O. Lee, the plaintiff says that Lee allowed a keep separate inmate out of his cell; the inmate attacked the plaintiff, "causing him severe pain and injury." Id. at 3. The plaintiff asserts that he was grabbed by the inmate, causing swelling to the left side of his face where he'd had surgery, which caused more complications. Id.

The plaintiff also alleges that after this incident, Deputy Cole violated his due process rights by not allowing him to pursue charges against his attacker, saying that the plaintiff "should not have fended [the inmate] off." Id. The plaintiff says that according to Cole, the plaintiff's choice to fend off his attacker "voided" the plaintiff's due process rights. Id.

The plaintiff describes defendant Lt. John Doe as "the responding lieutenant," and says Doe did not send him to the hospital to get checked "as he should have" and did not follow up with the plaintiff, which led to the plaintiff's "drain tube falling out of [his] mouth." Id.

The plaintiff seeks $200,000 in damages and an order from the court to the defendants to assure that instances like this never happen again. Id. at 4.

B.     Analysis

Judge Joseph required the plaintiff to amend the complaint because the only defendant he named in the original complaint was the Milwaukee County Jail, which is not a suable entity for a civil rights claim. Dkt. No. 6 at 4. Judge Joseph instructed the plaintiff to explain in the amended complaint who violated his rights, how, where and when. Id. at 4-5. She explained to him that

4

the amended complaint would take the place of the original complaint, so it needed to be complete in itself; it could not refer the court back to the original complaint. Id. at 5.

The amended complaint does identify individual persons who the plaintiff alleges violated his rights—Montoya, Lee, Cole and Doe. But it leaves out many of the details that Judge Joseph told the plaintiff to include—things like the date of these events (which he had stated in his original complaint) or the location of these events (which he had included in the original complaint). In terms of what actually happened to the plaintiff, the *original* complaint contained more facts and detailed than the amended complaint.

The amended complaint appears to allege that on an unspecified date and in an unspecified location (presumably the Milwaukee County Jail), Lee allowed an inmate who was under a "keep separate order" out of his cell, disregarding the plaintiff's safety and failing to protect the plaintiff and resulting in the inmate injuring the plaintiff. The plaintiff does not say whether he was a pretrial detainee or a sentenced inmate when this happened. If he was a pretrial detainee, his failure-to-protect claim arises under the Fourteenth Amendment. Klebanowski v. Sheahan, 540 F.3d 633, 637 (7th Cir. 2008) (citing Guzman v. Sheahan, 495 F.3d 852, 856 (7th Cir. 2007)). Fourteenth Amendment claims are subject to "the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 20180. If he was a convicted inmate, his

5

claim arises under the Eighth Amendment. Klebanowski, 540 F.3d at 637 (citing Washington v. LaPorte Cty. Sheriff's Dep't, 306 F.3d 515, 517 (7th Cir. 2002)). Eight Amendment claims are subject to the deliberate indifference standard, a subjective standard which requires a showing that the defendant "had a 'sufficiently culpable state of mind' and asks whether the official actually believed there was a significant risk of harm." Miranda, 900 F.3d at 350.

If the plaintiff was a pretrial detainee, he must allege that Lee either acted with an expressed intent to punish him, or that Lee's actions were "not 'rationally related to a legitimate non-punitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" Hardeman v. Curran, 933 F.3d 816, 822 (7th Cir. 2019) (quoting Kingsley, 576 U.S. at 398). If the plaintiff was a convicted prisoner, he must allege that he faced an objectively serious harm and that Lee was deliberately indifferent to the risk of that harm. Id. at 821-22.

The plaintiff has alleged sufficient facts to state an Eighth Amendment deliberate indifference claim—he has asserted that because he was post-surgery, allowing a "keep separate" inmate out of his cell posed a risk of harm to the plaintiff, and he has asserted that Lee was deliberately indifferent to the risk by letting the inmate out. It is a closer call whether the plaintiff has stated sufficient facts to support a Fourteenth Amendment claim—he does not allege that Lee let the inmate out with the intent to harm the plaintiff, or that Lee's

6

actions were excessive in whatever Lee's purpose was in letting the inmate out. Because the court must construe the plaintiff's claims liberally, however, the court will allow the plaintiff to proceed on a claim against Lee.

The plaintiff claims that Cole violated the plaintiff's due process rights by refusing to let him press criminal charges against the inmate who attacked him. To allege "a deprivation of procedural due process, [the plaintiff] must show: (1) the deprivation of occurred; (2) it occurred without due process of law; and (3) [the defendant] subjected him to the deprivation." Figgs v. Dawson, 829 F.3d 895, 907 (7th Cir. 2016). The deprivation must be of life, liberty or property. Id. The plaintiff alleges that he was deprived of his right to press criminal charges. He has not alleged a deprivation of life, liberty or property. Perhaps more to the point, the plaintiff does not allege that Cole somehow prevented him from pressing charges. He alleges only that Cole told him that in fending off his attacker, the plaintiff had "voided" his due process rights. The court does not know what this means, but it does know that even now, if the plaintiff wanted to press charges against his attacker, he could do so. The court will dismiss Cole as a defendant.

The plaintiff alleges that Lt. John Doe violated his constitutional rights because Doe did not send him to a hospital after the attack. If the plaintiff was a pretrial detainee when this occurred, "a standard of objective reasonableness, and not deliberate indifference, governs claims under the Fourteenth Amendment's Due Process Clause for inadequate medical care provided to

7

pretrial detainees." McCann v. Ogle Cty., Ill., 909 F.3d 881, 886 (7th Cir. 2018). To state a claim that a defendant acted with objective unreasonableness toward the plaintiff's medical needs, the plaintiff first must show that the defendant "'acted purposefully, knowingly, or perhaps even recklessly when [he] considered the consequences of [his] handling of [the plaintiff's] case.'" Id. (quoting Miranda v. Cty. of Lake, 900 F.3d 335, 353 (7th Cir. 2018). Second, the plaintiff must show that the defendants' conduct was objectively unreasonable. Id. If the plaintiff was a convicted prisoner at the time of this event, he must show that he had a serious medical need and that Doe acted with deliberate indifference to that need.

The plaintiff has not stated a claim against Doe under either standard. As for the Fourteenth Amendment objective unreasonableness standard, the plaintiff has not alleged that Doe knew he was recovering from surgery, knew that the attack put the plaintiff at higher risk because of the surgery and purposefully, knowingly or recklessly refused to send him to the hospital. Under the Eighth Amendment deliberate indifference standard, the same is true—the plaintiff does not allege that Doe knew of the plaintiff's surgery or the risk the attack imposed, nor does he allege that Doe ignored or was indifferent to that risk. The court will dismiss Lt. John Doe as a defendant.

Finally, the plaintiff claims that Deputy Montoya retaliated against him for filing grievances related to the alleged attack. To state a First Amendment retaliation claim, a plaintiff must allege that "(1) he engaged in activity

8

Case 2:19-cv-01577-NJ-PP   Filed 10/16/20   Page 8 of 10   Document 8

protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the defendants' decision to take the retaliatory action." Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009) (citations omitted). Grievances against prison officials, if those grievances are "intelligible, nonfrivolous, and nonmalicious," are "petitions for redress of grievances within the meaning of the First Amendment." Hughes v. Scott, 816 F.3d 955, 956 (7th Cir. 2016). The prison official's alleged retaliatory action should be "sufficiently clear and emphatic to deter a person of 'ordinary firmness' from submitting such petitions in the future." Id. (citations omitted).

The plaintiff alleges he "chose to exercise [his] rights through the grievance system" Dkt. No. 7 at 2. He alleges that because he used the grievance system, Montoya, put him on "lock down," took his food and drink, falsified documents to get him removed from the infirmary and interfered with his ability to file grievances, either by throwing them away or setting them aside. Id. The plaintiff has stated sufficient facts to allege that he engaged in activity protected by the First Amendment and that the defendant took action that would deter a person of ordinary firmness from filing grievances. The court will allow him to proceed on a First Amendment retaliation claim against Montoya.

## II. Conclusion

The Court **DISMISSES** Deputy Cole and Lt. John Doe from the case.

Under an informal service agreement between Milwaukee County and this court, a copy of the complaint and this order have been electronically transmitted to Milwaukee County for service on defendants C.O. Lee and Deputy Montoya. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty days.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

This case is no longer referred to United States District Judge Pepper. The court **RETURNS** this case to United States Magistrate Judge Joseph for further proceedings.

Dated at Milwaukee, Wisconsin this 16th day of October, 2020.

           **BY THE COURT:**

           _____
           **HON. PAMELA PEPPER**
           **Chief United States District Judge**