UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEN JONAS WALLS,

    Plaintiff,

v.                                        Case No. 19-cv-1577-pp

JANINE MONTOYA, and
ELISSA LEE,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 14)**

On October 16, 2020, the court screened the plaintiff's amended complaint and allowed to him to proceed on claims against two defendants. Dkt. No. 7. On December 8, 2020, the defendants filed their answer to the complaint. Dkt. No. 12. On January 5, 2021, the court received from the plaintiff a motion asking the court to allow him to amend the complaint a second time. Dkt. No. 14. The plaintiff says he needs to amend the complaint "to satisfy the courts and the defendant's counsel;" he indicates that he makes the request to amend "based on responses from both the Court and Counsel stating that I the plaintiff neglected to include all detail from original complaint." Id. The plaintiff says that "[s]ome very important facts were left out assuming they would be transferred or refereed back to original complaint." Id. He assures the court that he is making his request in good faith "to assure transparency for all parties involved in said matter." Id.

1

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). The plaintiff has had his one "as a matter of course" amendment. This means he may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule instructs courts to "freely give leave when justice so requires." Id. Civil Local Rules 15(a)–(b) (E.D. Wis.) require that all amended pleadings "reproduce the entire pleading as amended," "state specifically what changes are sought by the proposed amendments" and include the proposed amended pleading "as an attachment to the motion to amend."

The plaintiff's motion to amend does not comply with the court's local rule. The motion does not reproduce the entire pleading as amended. It does not specifically state the changes he wishes to make. And the plaintiff did not include the proposed amended complaint as an attachment to the motion. The court will deny the motion to amend the complaint. See Hinterberger v. City of Indianapolis, 966 F.3d 523, 528 (7th Cir. 2020) ("[D]istrict courts may require strict compliance with their local rules."); Smith v. Adams, 804 F. App'x 390, 391 (7th Cir. 2020) (same for *pro se* plaintiffs).

The court also notes that while the plaintiff says that he assumed that certain facts would be transferred from the original complaint to the amended complaint, he should not have made that assumption. In her January 9, 2020 screening order, Magistrate Judge Nancy Joseph told the plaintiff that "[t]he

2

amended complaint takes the place of the prior complaint and must be complete in itself." Dkt. No. 6 at 5. She said, "[The plaintiff] cannot simply say, 'Look at my first complaint for further information.'" Id. If the plaintiff had carefully read Judge Joseph's order, he would have known that information from his original complaint would not have been transferred to the amended complaint and that the court and the defendants would not refer back from the amended complaint to the original complaint.

Now that the defendants have answered the complaint, the court will enter a scheduling order setting deadlines for completing discovery and for filing dispositive motions. The court advises the plaintiff to read that order carefully and comply with its requirements.

The court **DENIES** the plaintiff's motion to amend the complaint. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 21st day of January, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**