UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEN JONAS WALLS,

                        Plaintiff,

v.                                                            Case No. 19-cv-1577-pp

JANINE MONTOYA, and ELISSA LEE,

                        Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO RECRUIT COUNSEL (DKT. NO. 18)**

---

       The court has allowed plaintiff Danien Jonas Walls to proceed on claims against two defendants. Dkt. No. 8. The court denied the plaintiff's previous motion to file a second amended complaint. Dkt. No. 15. The court explained that the plaintiff's motion did not comply with Civil Local Rules 15(a)–(b) because it did not reproduce the second amended complaint in full or explain what changes the second amended complaint would make to the amended complaint. Id. at 2. The court also noted that the plaintiff improperly had assumed that the court would transfer facts alleged in his original complaint to the proposed second amended complaint. Id. at 2–3. That assumption cost him claims discussed in his original complaint but not detailed in his amended complaint. Id. The court advised the plaintiff to read future orders more carefully to ensure that he complied with their requirements. Id. at 3.

       The plaintiff now asks the court to recruit a lawyer to represent him. Dkt. No. 18. The plaintiff is not incarcerated, but he says he has difficulty accessing

legal books during the COVID-19 pandemic. Id. at 2. He says he is unable "to satisfy the court's order and produce an argument for my case due to resources that are typically open to the public and readily available being closed to the public." Id. The plaintiff says he contacted lawyers at two law firms, but those firms told him they do not handle these kinds of cases. Id. He also contacted the State Bar Association "for a list of lawyers and they only sent one." Id. The plaintiff says that because the court denied his previous motion to amend his complaint, "it has become extremely evident that I don't know what I am doing but I know I have a case." Id. The plaintiff says he has "exhausted all remedies with fairness to the court's order," and he cannot afford to hire an attorney on his own. Id.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey,

___ F.3d ___, 2021 WL 456002 at * 8 (7th Cir. Feb. 9, 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 2021 WL 456002 at *8. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. Pickett, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. Id. The court should also consider how well the plaintiff articulated his case to the prospective lawyer. Id. Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. Id. But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." Id.

3

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 2021 WL 456002 at *8. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The court finds that the plaintiff has demonstrated that he tried to hire an attorney on his own before asking for the court's assistance. The firms he contacted told him they do not take on these kinds of cases, and the State Bar Association did not provide a list of lawyers from which the plaintiff was able to find a willing attorney. According to the plaintiff, neither of the firms opined on the merits of his case.

But the court finds that the plaintiff has not satisfied the second element of the test for appointment of counsel. The original complaint is easy to follow and demonstrates the plaintiff's understanding of the facts of his case. It alleged sufficient detail to state a claim but did not explain *who* had violated his rights. The amended complaint provided names of the defendants, although it lacked the detail of the original complaint. The lack of detail was the result of the plaintiff's failure to carefully read this court's orders, not his lack of legal knowledge. That the plaintiff did not comply with the court's local rules does not mean that he can't litigate this lawsuit on his own. It appears that he has more carefully read the scheduling order and followed the court's instructions about trying to obtain counsel before filing this motion. His current motion shows he does not have trouble communicating in writing or responding to the court's instructions.

The court understands the plaintiff's frustration about not being able to access certain materials because of restrictions resulting from the pandemic. But those restrictions are not permanent. It is likely that libraries and other public places will be available to more people in the coming months, and the plaintiff should have greater access to the resources he needs. The court advises him to carefully read the scheduling order and the rules provided with that order. They should provide him enough information to proceed in this case. If the plaintiff believes he needs more time to conduct discovery or prepare motions, he should ask the court for an extension of time. Given the

current circumstances, the court often is willing to be flexible with deadlines and provide the time parties need to litigate this case.

Finally, this case is at an early stage. The defendants have answered the amended complaint but have not yet told the court their side of the story. As the case progresses, the legal and factual issues may become too complex for the plaintiff, his circumstances may change or he may find himself still unable to obtain the information he believes he needs to prove his claims. Should any of those events occur, and if additional time does not resolve the issue, it may be appropriate for the court to try to find counsel to represent the plaintiff. The plaintiff may renew his motion at that time. But at this early stage of the proceedings, the plaintiff has not demonstrated that he requires the assistance of counsel to present his case.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 18.

Dated in Milwaukee, Wisconsin, this 4th day of May, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**<br>**Chief United States District Judge**