UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEN JONAS WALLS,

                Plaintiff,

v.                                             Case No. 19-cv-1577-pp

JANINE MONTOYA,
and ELISSA LEE,

                Defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR EXTENSION OF TIME OR TO COMPEL DISCOVERY (DKT. NO. 20), GRANTING PLAINTIFF'S MOTION TO DISMISS CASE (DKT. NO. 26) AND DISMISSING CASE WITHOUT PREJUDICE**

      On February 19, 2021, the court entered a scheduling order requiring the parties to complete discovery by July 19, 2021. Dkt. No. 16. On July 15, 2021, the court received from the defendants a motion for an extension of the discovery deadline or, alternatively, an order compelling discovery from the plaintiff. Dkt. No. 20. The defendants asserted that the plaintiff had not responded to their requests for discovery and did not respond to a letter from defense counsel inquiring about the status of the defendants' discovery requests. Dkt. No. 21 at 2. Defense counsel explained that he had tried to reach the plaintiff at the telephone number he provided to the court, but the telephone number was reported as "not in use." Id.

      The next day, July 16, 2021, the court ordered the plaintiff to "file with the court a response to the defendants' motion and explain why he has not participated in discovery." Dkt. No. 24. The court advised the plaintiff "that if

he fails to respond to court orders and meaningfully participate in discovery, the court may dismiss his case for his failure to prosecute it." Id. (citing Civil Local Rule 41(c) (E.D. Wis.)). The court ordered the plaintiff to respond by the end of the day on August 5, 2021. Id.

The August 5, 2021 deadline passed, and the plaintiff did not respond to the court's order or provide a reason for his failure to participate in discovery. On August 17, 2021, defense counsel filed a letter, indicating that because the plaintiff had not responded to the court's order, the defendants could not meet the discovery deadline. Dkt. No. 25. Counsel asked the court to either extend the deadline or consider dismissing the case for the plaintiff's failure to prosecute it. Id.

One week later, on August 23, 2021, the court received a letter from the plaintiff. Dkt. No. 26. He explained that he was not a trained lawyer and that he struggled to understand some of the language in the defendants' discovery requests; he indicated that he believed that this "w[ould] only set [him] up for failure and cause [him] to lose [his] case." Id. He stated, "Outside of this case [he had] life happening which ha[d] limited [him] on studying time and resources." Id. The plaintiff asked the court to dismiss the case without prejudice so that he could attempt to find an attorney to assist him. Id.

Federal Rule of Civil Procedure 41(a)(2) says that once the opposing parties have answered the complaint, a plaintiff cannot voluntarily dismiss his case without a court order. It gives the court the ability to grant a plaintiff's motion to dismiss his case "on terms that the court considers proper." Given

2

Case 2:19-cv-01577-PP    Filed 08/31/21    Page 2 of 3    Document 27

the plaintiff's failure to litigate the case, the fact that he has been representing himself and his explanation of his circumstances, the court concludes that dismissal without prejudice is appropriate.

The court **GRANTS** the plaintiff's motion to dismiss the case without prejudice. Dkt. No. 26.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the defendants' motion for an extension of time or to compel discovery. Dkt. No. 20.

Dated in Milwaukee, Wisconsin this 31st day of August, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER
Chief United States District Judge**